IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE ADAMS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-0265 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed a Motion for Judgment on the Pleadings [Doc. # 23] on October 3, 2017. After Plaintiff failed to respond to the Motion, the Court ordered Plaintiff to file any opposition by November 2, 2017, and cautioned Plaintiff that failure to respond would result in Defendant's Motion being granted as unopposed. Plaintiff neither responded to the Motion as ordered by the Court nor requested additional time to do so. Having reviewed the full record and the applicable legal authorities, and considering Plaintiff's failure to file any opposition, the Court **grants** the Motion.

### I.    BACKGROUND

On October 15, 2008, Plaintiff George Adams and his wife obtained a mortgage loan secured by a Deed of Trust on real property in Fort Bend County, Texas. *See*

Deed of Trust, Exh. A to Motion. On July 15, 2011, the Deed of Trust was assigned to Wells Fargo. *See* Assignment, Exh. B to Motion.

Plaintiff admits that he failed to make the required payments on the Loan. After the loan went into default, a Substitute Trustee was appointed. *See* Appointment of Substitute Trustee dated December 13, 2016, Exh. C to Motion. Notice of acceleration of the loan and of a trustee's sale scheduled for January 3, 2017, were provided to Plaintiff and filed in the public record. *See* Notice of Acceleration and Notice of Trustee's Sale, Exh. D to Motion. The foreclosure sale was completed on January 3, 2017. Wells Fargo purchased the property at foreclosure for $176,505.00, approximately 73.7% of the property's fair market value.[1]

Plaintiff filed this lawsuit in Texas state court on January 3, 2017, and Defendant filed a timely Notice of Removal to federal court. On September 19, 2017, Plaintiff filed his First Amended Petition asserting two causes of action – a claim for declaratory judgment and an alleged violation of the federal Truth-in-Lending Act

---

[1] The property's assessed fair market value according to the Fort Bend County appraisal authority was $239,420.00 in 2017. *See* Fort Bend Central Appraisal District valuation record, Exh. F to Motion. The Court can take judicial notice of county appraisal district records. *See Statin v. Deutsche Bank Nat'l Trust Co.*, 599 F. App'x 545, 547 (5th Cir. Dec. 19, 2014); *Hurd v. BAC Home Loan Servicing, LP*, 880 F. Supp. 2d 747, 758 (N.D. Tex. 2012); *Dunn v. Midland Mortg.*, 2014 WL 683854, *2 (S.D. Tex. Feb. 20, 2014) (Miller, J.).

("TILA"), 15 U.S.C. § 1641(g). Defendant filed the pending Motion for Judgment on the Pleadings, which is now ripe for decision.

## II. STANDARD FOR JUDGMENT ON THE PLEADINGS

Under Federal Rule of Civil Procedure 12(c), any party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." FED. R. CIV. P. 12(c). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990); *United States v. Renda Marine, Inc.*, 750 F. Supp. 2d 755, 763 (E.D. Tex. 2010), *aff'd,* 667 F.3d 651 (5th Cir. 2012). Motions for judgment on the pleadings are governed by the same legal standard as motions to dismiss under Rule 12(b)(6). *See Ackerson v. Bean Dredging LLC,* 589 F.3d 196, 209 (5th Cir. 2009).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as

opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III. ANALYSIS

### A. TILA Claim

Plaintiff alleges that Defendant violated § 1641(g) of the TILA. That section provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. § 1641(g). Plaintiff's TILA claim is time-barred. "The general statute of limitations for damages claims under the TILA is one year after the violation." *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 186 (S.D. Tex. 2007), *aff'd*, 269 F. App'x 523 (5th Cir. 2008); *Brewer v. Bank of Am., N.A.*, 627 F. App'x 358, 358-59 (5th Cir. Dec. 18, 2015); *Johnson v. HomeBridge Fin. Servs., Inc.*,

2017 WL 1403300, *3 (S.D. Tex. Apr. 18, 2017) (citing *Williams*). Because § 1641(g) allows a creditor thirty days in which to provide notice to the borrower of a transfer or assignment, the statute of limitations begins to run when those thirty days have expired. *See Benitez v. Am.'s Wholesale Lender*, 2014 WL 3388650, *2 (S.D. Tex. July 9, 2014). Failure to provide timely disclosure is not a continuing violation. *See Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986).

The Deed of Trust was assigned to Wells Fargo on July 15, 2011, and the thirty-day period for notice expired on August 14, 2011. This suit was not filed until January 3, 2017, well beyond the one-year statute of limitations. As a result, Plaintiff's TILA claims are time-barred.

### B. <u>Declaratory Judgment Claim</u>

Plaintiff seeks a declaration that "title to Plaintiff's Property be quieted in favor of Plaintiff against Defendant" and argues that he has superior title because the Texas Business and Commerce Code precludes assignment of a "note," that he was not given notice of the assignment to Wells Fargo, and that Wells Fargo has no legal right to foreclose on the Property. Each of these arguments is contrary to clearly established Fifth Circuit legal authority.

Plaintiff argues that Article 3 of the Texas Business and Commerce Code provides that a note can only be "negotiated" and not assigned. The cited sections of

Article 3, however, do not apply to mortgages, which impose a lien on real property. *See* TEX. BUS. & COMM. CODE § 3.104, cmt. 2 ("Article 3 is not meant to apply to . . . the sale or lease of real property"); *Tremble v. Wells Fargo Home Mortg., Inc.*, 478 F. App'x 164, 166 (5th Cir. 2012); *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App. – San Antonio 1998, no pet.) ("Because the Deed of Trust places a lien on real property, it is not governed by the UCC."). As a result, Plaintiff's arguments based on § 3.201 and § 3.203 of the Texas Business and Commerce Code fail as a matter of law to support his request for declaratory relief.

As discussed above, Plaintiff's complaints regarding notice of the assignment of the Deed of Trust to Wells Fargo are untimely. The arguments regarding notice of the assignment do not support a declaratory judgment in Plaintiff's favor.

Plaintiff also asserts claims frequently asserted by plaintiffs in foreclosure cases and referred to by the courts as "split-the-Note" and "show me the Note" claims. The Fifth Circuit has clearly and unequivocally rejected these claims. *See, e.g., Martins v. BAC Home Loans Servicing, LP*. 722 F.3d 249, 254-55 (5th Cir. 2013); *Casterline v. OneWest Bank, FSB*, 537 F. App'x 314, 316 (5th Cir. July 3, 2013). These arguments, therefore, do not as a matter of law support the declaratory judgment claim in Plaintiff's First Amended Petition.

Plaintiff has failed to plead a viable claim for the declaratory relief he seeks in this lawsuit. As a result, Defendant is entitled to judgment on the pleadings on this claim.

## IV. CONCLUSION AND ORDER

The record demonstrates that Defendant is entitled to judgment in its favor on the pleadings, and that Plaintiff is not entitled to recover on either his declaratory judgment claim or his TILA claim. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Judgment on the Pleadings [Doc. # 23] is **GRANTED**, and judgment is entered in favor of Defendant.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **8th** day of **November, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE